# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT CARRILLO, JR., | Case No. 1:15-cv-00624-GSA-HC |
| Petitioner, | ORDER TO SHOW CAUSE |
| v. | |
| DANIEL PARAMO, | |
| Respondent. | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner has consented to the jurisdiction of the Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 6).

On April 19, 2015, Petitioner filed the instant petition in this Court.[1] (Pet., ECF No. 1). Petitioner was convicted in 1997 in the Kern County Superior Court of three counts of robbery, one count of grand theft, one count of kidnapping, one count of false imprisonment, one count of vehicle theft of a cab, possession of a firearm by a felon, possession of a sawed-off rifle, and enhancements. (ECF No. 1 at 72, 89-90).[2] On October 2, 1997, Petitioner was sentenced to 198 years to life, of which 75 years was stayed. (ECF No. 1 at 90). After timely appeal and upon

---

[1] Pursuant to the mailbox rule, the Court deems the petitions filed on the date they were signed and presumably handed to prison authorities for mailing. See Houston v. Lack, 487 U.S. 266, 276 (1988); Huizar v. Carey, 273 F.3d 1220, 1222 (9th Cir. 2001).

[2] Page numbers refer to the ECF pagination.

1

two remitturs, Petitioner's sentence was reduced to 168 years to life.  (ECF No. 1 at 97-99).

## I.

## DISCUSSION

### A.  Preliminary Review of Petition

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court . . . ."  Rule 4 of the Rules Governing Section 2254 Cases. The Advisory Committee Notes to Rule 8 indicate that the court may dismiss a petition for writ of habeas corpus, either on its own motion under Rule 4, pursuant to the respondent's motion to dismiss, or after an answer to the petition has been filed.  Herbst v. Cook, 260 F.3d 1039 (9th Cir. 2001).  In Herbst v. Cook, the Ninth Circuit concluded that a district court may dismiss *sua sponte* a habeas petition on statute of limitations grounds so long as the court provides the petitioner adequate notice of its intent to dismiss and an opportunity to respond.  260 F.3d at 1041-42.

### B.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA).  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment.  Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), cert. denied, 118 S.Ct. 586 (1997).  As the instant petition was filed on May 19, 2014, it is subject to the provisions of the AEDPA.

The AEDPA imposes a one year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus.  28 U.S.C. § 2244(d)(1).  As amended, § 2244, subdivision (d) reads:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such

review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitation period begins running on the date that the petitioner's direct review became final. Petitioner was sentenced on October 2, 1997. He appealed, and the 5th appellate District issued a decision on April 27, 2000, reversing Petitioner's conviction in counts 2 and 5 and remanding the matter for resentencing. (ECF No. 1 at 98). On March 11, 2002, Petitioner was sentenced to 173 years to life by the trial court. (ECF No. 1 at 98). Petitioner appealed that new sentence, and the 5th Appellate District modified Petitioner's sentence to 168 years to life. (ECF No. 1 at 99). The 5th Appellate District directed the trial court to file an amended abstract of judgment consistent with the opinion. (ECF No. 1 at 99). Based upon the documentation that Petitioner presented, it appears that the 5th Appellate District issued its decision in 2003. (ECF No. 1 at 90, 97-101). Pursuant to Cal. Rules of Court, rules 24(a), 28(b), and 45(a), Petitioner had forty days to file a petition for review in the California Supreme Court after the appellate court filed its opinion. It appears that Petitioner did not file a petition for review in the California Supreme Court.[3] In this case, it appears that the trial court issued an amended judgment in 2003 upon direction of the 5th Appellate District and after Petitioner did not appeal to the California Supreme Court, and therefore, the limitations period began to run in

---

[3] It appears that the only filing by Petitioner in the California Supreme Court was his petition for writ of habeas corpus in case number S217724 which was denied on June 11, 2014. (ECF No. 1 at 73, 103).

3

2003.

Petitioner had one year from the start of the limitations period, absent applicable tolling, in which to file his federal petition for writ of habeas corpus.  Therefore, absent applicable tolling, Petitioner had to file his federal petition for writ of habeas corpus in 2004.  However, Petitioner delayed filing the instant petition until April 19, 2015, over ten years after the expiration of the statute of limitations.  Therefore, Petitioner's federal petition is untimely absent any applicable tolling.

Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one-year limitations period.  28 U.S.C. § 2244(d)(2).  Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law.  See Pace v. DiGuglielmo, 544 U.S. 408 (2005); Evans v. Chavis, 546 U.S. 189 (2006).  Petitioner is not entitled to any statutory tolling, because his collateral challenges in state court were filed after the expiration of the one-year limitations period.  It appears that Petitioner filed his first state habeas petition on September 3, 2013, in Kern County Superior Court. (ECF No. 1 at 89).  Thus, Petitioner's state habeas petitions did not toll the limitations period or operate to revive it.  See Green v. White, 223 F.3d 1001, 1003 (9th Cir. 2000) (holding that Petitioner is not entitled to tolling where the limitations period has already run).

Therefore, it appears that the limitations period expired in 2004, and absent equitable tolling, the instant habeas petition filed on April 19, 2015, is untimely.

**C.  Motion to Expedite the Proceedings**

In his petition, Petitioner requests that his petition be treated on an expedited basis. The Court will treat this request as a motion to expedite the proceedings. As Petitioner correctly states, the instant action is pending before this Court.  However, the Court does not have an expedited calendar.  Petitioner is advised that the Court acts to resolve all pending cases in the most efficient manner possible.  The Court's docket of pending cases is substantial, and the

1  Court must act first on those matters that have been pending the longest.  Therefore, Petitioner's
2  motion to expedite the proceedings must be denied.

## II.

## ORDER

6      Accordingly, IT IS HEREBY ORDERED that Petitioner's motion to expedite the
7  proceedings is DENIED and Petitioner is ORDERED to SHOW CAUSE within **thirty (30)** days
8  of the date of service of this Order why the petition should not be dismissed for violating the
9  limitations period of 28 U.S.C. § 2244(d).
10      Petitioner is forewarned that failure to follow this order will result in dismissal of the
11  petition pursuant to Fed. R. Civil Proc. § 41(b) (A petitioner's failure to prosecute or to comply
12  with a court order may result in a dismissal of the action, and the dismissal operates as an
13  adjudication on the merits.).

IT IS SO ORDERED.

Dated:  **June 19, 2015**          **/s/ Gary S. Austin**
                                                            UNITED STATES MAGISTRATE JUDGE